**Electronically Filed**
**Supreme Court**
**SCAD-13-0000423**
**22-AUG-2013**
**12:33 PM**

SCAD-13-0000423

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

ROBERT VINCENT FERRIGNO, Respondent.

---

ORIGINAL PROCEEDING
(ODC 07-125-8585, 10-071-8905)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawai'i, the briefs submitted by Respondent Robert V. Ferrigno and the Office of Disciplinary Counsel (ODC), and the record, this court reaches the following findings and conclusions by clear and convincing evidence.

In ODC Case No. 07-125-8585, Respondent Ferrigno tendered $275,000 in settlement money on the assumption a settlement had been reached, but before he had secured and executed a final written agreement expressly releasing his client from further litigation in the foreclosure action brought by the opposing party, or an assignment of the unsecured $500,000 debt to his client, asserting it was the duty of opposing counsel to

provide the agreement, in violation of Rule 1.1 of the Hawaiʻi Rules of Professional Conduct (HRPC). Respondent Ferrigno failed to timely communicate the details of the purported settlement to his client, or to inform her of the amount of her funds he proposed to transfer to opposing counsel, or that he proposed to do it without securing an executed settlement document releasing her from litigation or obtaining an assignment of the unsecured $500,000 debt to her, in violation of HRPC Rules 1.4(a) and (b). We note his actions required his client to obtain new legal counsel and to expend over $100,000 in additional legal fees. Respondent Ferrigno failed to inform his client in a timely manner of the basis or rate of his fee, in violation of HRPC Rule 1.5(b). Respondent Ferrigno entered into a purported settlement, and transferred client funds of $275,000 toward that settlement, without informing either client in the dual representation of the purported final conditions of the settlement, in violation of HRPC Rule 1.8(g). Respondent Ferrigno transferred, using a counter check, the $200,000 of his client's funds directly from his client trust account to JSF Investments, LLC, a company solely owned by him, which he formed for purposes of investment, rather than to himself via his business account, in violation of HRPC Rules 1.15(b) and (e). Upon transferring such a substantial amount of his client's money to opposing counsel during ongoing negotiations of a yet-to-be-reached final executed settlement, and by transferring $200,000 of the funds to his own investment account in the belief a settlement had been achieved, Respondent Ferrigno owed his client a timely accounting of that activity,

2

which he did not provide, thereby violating HRPC Rule 1.15(f)(3). The record, however, does not support the conclusion, by clear and convincing evidence, that Respondent Ferrigno transferred the monies in question without the permission or acquiescence of his client, and, therefore, the record does not support the conclusion that Respondent Ferrigno misappropriated the funds in question, in violation of HRPC Rule 1.15(c) and (d). Nor does the record support the conclusion, by clear and convincing evidence, that the dual representation was clearly unreasonable or that Ferrigno failed to inform both clients of the potential conflicts of the dual representation or failed to obtain their consent, and, therefore, does not support the conclusion Respondent Ferrigno violated HRPC Rule 1.7(b).

In ODC Case No. 10-071-8905, this court concludes by clear and convincing evidence that Respondent Ferrigno failed to file required general excise and income tax returns in 2006 and 2007, each of the four failures representing a separate violation of HRPC Rule 8.4(b).

In aggravation, this court finds Respondent Ferrigno had substantial experience in the practice of law at the time of the misconduct, finds multiple offenses in the present matter, and notes Respondent Ferrigno has one prior discipline, a 2007 informal admonition for similar misconduct. In mitigation, the court notes Ferrigno's cooperative attitude during the investigation and the disciplinary proceedings. Therefore, suspension being appropriate, *see ODC v. Kugiya*, No. 24948 (August 22, 2002); *ODC v. Yoshino,* No. 26781 (November 29,

3

2005); *ODC v. Marn,* No. 21336 (March 13, 1998); *ODC v. Miyasaki*, No. 15816 (February 18, 1992); *ODC v. Loo,* No. 10799 (April 18, 1986),

IT IS HEREBY ORDERED that Respondent Ferrigno is suspended from the practice of law in this jurisdiction for a period of one year and one day, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawai'i (RSCH).

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawai'i, Respondent Ferrigno shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Ferrigno shall, within ten days after the effective date of his suspension, file with this court an affidavit in full compliance with RSCH Rule 2.16(d).

DATED:  Honolulu, Hawai'i, August 22, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack



4